UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF NORTH CAROLINA

CHARLOTTE DIVISION

| | | |
|---|---|---|
| THOMAS E. PEREZ<br>Secretary of Labor,<br>United States Department of Labor, | )<br>)<br>) | FILE NO. |
| | ) | _____ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| | ) | |
| JOHN W. ULERY, COMCO SIGNS, INC., | ) | |
| COMCO SIGNS, INC. 401(K) PLAN, and | ) | |
| COMCO SIGNS, INC. GROUP HEALTH | ) | |
| PLAN, | ) | |
| | ) | |
| | ) | **C O M P L A I N T** |
| Defendants. | ) | (**Injunctive Relief Sought**) |

This cause of action arises under the Employee Retirement Income Security Act

of 1974 ("ERISA"), 29 U.S.C. § 1001, et seq., and is brought by the Secretary under §§ 502(a)(2)

and (5) of ERISA, 29 U.S.C. §§ 1132(a)(2) and (5), to enjoin acts and practices which violate the

provisions of Title I of ERISA, to obtain appropriate relief for breaches of fiduciary duty under

ERISA § 409, 29 U.S.C. § 1109, and to obtain such other further relief as may be appropriate to

redress violations and enforce the provisions of that Title.

## BACKGROUND, PARTIES AND JURISDICTION

1. Jurisdiction hereof is conferred upon the Court by Section 502(e) (1) of ERISA,

29 U.S.C. § 1132(e)(1).

2. Venue of this action lies in the Western District of North Carolina, pursuant to

Section 502(e)(2) of ERISA, 29 U.S.C. § 1132(e)(2).

3. The Comco Signs, Inc. 401(k) Plan ("the 401(k) Plan"), is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

4. The Comco Signs, Inc. Group Health Plan ("the Group Health Plan"), is an employee benefit plan within the meaning of Section 3(3) of ERISA, 29 U.S.C. § 1002(3), subject to 29 U.S.C. § 1003(a), and is joined as a party defendant herein pursuant to Rule 19(a) of the Federal Rules of Civil Procedure solely to ensure that complete relief may be granted.

5. John W. Ulery ("Ulery"), is currently acting, or at relevant times has acted, as an administrator and fiduciary of the 401(k) Plan and of the Group Health Plan, and as such is, or at relevant times has been, a fiduciary with respect to the 401(k) Plan and to the Group Health Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A). Further, Defendant Ulery is designated in 401(k) Plan documents and the Group Health Plan documents as a fiduciary with respect to the 401(k) Plan and the Group Health Plan pursuant to Section 405(c)(1) of ERISA, and is a party in interest with respect to the 401(k) Plan and the Group Health Plan within the meaning of Section 3(14)(A), (E), and (H), 29 U.S.C. § 1002(14)(A), (E), and (H) of ERISA.

6. Comco Signs, Inc. ( "Comco" or the "Company"), is a North Carolina business entity and Plan Sponsor to the Group Health Plan and the 401(k) Plan, and was at all relevant times a "fiduciary" to the Group Health Plan and the 401(k) Plan within the meaning of Section 3(21)(A) of ERISA, 29 U.S.C. § 1002(21)(A), and a "party in interest" to the Group Health Plan and the 401(k) Plan within the meaning of Section 3(14)(A) and (C) of ERISA, 29 U.S.C. § 1002(14)(A) and (C).

2

7. The 401(k) Plan was established on May 1, 1995.

8. The Group Health Plan's effective date was October 1, 2001.

9. The 401(k) Plan is a defined contribution Plan. The 401(k) Plan's assets are held in trust by The Hartford Retirement Services ("The Hartford"). The Hartford is responsible for establishing accounts for each participant and beneficiary, directs investments for participants and beneficiaries, administers the 401(k) Plan loans and provides account statements. As of December 31, 2012, the 401(k) Plan had not terminated and there were 12 participants and $271,590.89 in assets.

10. The Group Health Plan was a fully insured health benefit plan with Blue Cross Blue Shield of North Carolina ("BCBS of NC"). The Group Health Plan benefits were provided by BCBS of NC through a Health Maintenance Organization ("HMO") in exchange for premium payments received by Comco. The Group Health Plan was established to provide employees with medical, dental and life insurance benefits. Comco was responsible for collecting employee and employer contributions and remitting those payments to BCBS of NC.

11. On April 30, 2010, Comco filed for Chapter 7 bankruptcy protection on the U.S. Bankruptcy Court for the Western District of North Carolina in Charlotte, NC.

### ALLEGATIONS CONCERNING FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS AND LOAN REPAYMENTS TO THE 401(K) PLAN AND FAILURE TO REMIT EMPLOYEE CONTRIBUTIONS AND LOAN REPAYMENTS IN A TIMELY MANNER TO THE 401(K) PLAN

12. Pursuant to the Annual Report Form 5500 for Plan year ending December 31, 2008, the fiduciaries failed to remit $26,270 in withheld employee contributions that were deducted from employees' salaries within the relevant timeframe. Additionally, the 401(k) Plan reported late contributions for 2006 and 2007.

3

13. Records obtained from Miles and Associates, Inc., the 401(k) Plan's third party administrator, determined that Comco owed $35, 329.90 in participant deferrals as of December 31, 2009.

14. As of April 28, 2011, there were two participants with outstanding loans that were three to four years past due.

## ALLEGATIONS CONCERNING FAILURE TO MAKE DISTRIBUTIONS AND FAILURE TO ADMINISTER THE 401(k) PLAN IN ACCORDANCE WITH THE 401(K) PLAN DOCUMENTS

15. As of December 31, 2012, there were 12 participants with account balances totaling $271,590.89.

16. The Plan Sponsor, Comco, filed for bankruptcy on April 30, 2010 and fiduciary Ulery had the responsibility of terminating the 401(k) Plan and distributing the assets to the participants and beneficiaries. Ulery was the only fiduciary with the authority to make distributions; however, Ulery failed to do so and has taken no action to terminate the 401(k) Plan.

17. Participants have contacted Ulery requesting that he terminate the 401(k) Plan and he has failed to respond to their requests.

## ALLEGATIONS CONCERNING FAILURE TO RETAIN THE 401(k) PLAN RECORDS AND FAILURE TO RETAIN THE GROUP HEALTH PLAN RECORDS

18. Mr. Wayne Sigmon, attorney at law in Gastonia, NC, was appointed as the U.S. Bankruptcy Trustee for Comco on April 30, 2010.

19. As U.S. Bankruptcy Trustee, Mr. Sigmon was responsible for administering the Group Health Plan's and the 401 (K) Plan's termination. Mr. Sigmon sought the 401(k) Plan and the Group Health Plan records from Ulery and was unable to obtain the necessary records.

4

20.     On July 14, 2010, Mr. Sigmon was granted authority to employ a CPA to administer the 401(k) Plan and the Group Health Plan.  The CPA who was retained to administer the 401(k) Plan and the Group Health Plan sought records from Ulery and received only insufficient records, thereby prohibiting full administration and termination of the 401(k) Plan and the Group Health Plan.

## ALLEGATIONS CONCERNING FAILURE TO REMIT EMPLOYEE AND EMPLOYER CONTRIBUTIONS TO THE GROUP HEALTH PLAN IN A TIMELY FASHION

21.     Group Health Plan participants were on the Comco payroll through April 18, 2010.

22.     Employees of Comco were permitted to participate in the Group Health Plan.

23.     Comco received at least three notices of past due premiums and impending cancellations from BCBS of NC, in letters dated January 21, 2010, February 22, 2010 and March 22, 2010.

24.     Coverage with BCBS of NC was cancelled for non-payment of premiums on February 28, 2010.

25.     Comco continued to withhold employee contributions but failed to remit those monies to BCBS of NC from February 28, 2010 through April 18, 2010.

26.     The failure of Comco and Ulery to pay premiums resulted in $9,392.75 in claims that were processed, but not paid.

27.     As a result of Comco and Ulery's failure to pay premiums for the Group Health Plan insurance coverage, and the resulting cancellation of the health insurance coverage for non-

5

payment of premiums effective February 28, 2010, the health insurance claims that were processed but not paid amount to $9,392.75.

28. Ulery and Comco failed to ensure that the Group Health Plan assets were collected and submitted to BCBS.

29. Unremitted employee insurance premiums deducted from participants' paychecks are assets of the Group Health Plan within the meaning of ERISA.

30. Ulery and Comco participated knowingly in or knowingly undertook to conceal acts or omissions by each other that they knew to be violations of ERISA.

## ALLEGATIONS CONCERNING FAILURE TO COLLECT EMPLOYER CONTRIBUTIONS FOR THE GROUP HEALTH PLAN

31. Comco's contract with BCBS of NC required Comco to pay the rates due in order to receive the health plan benefits. Comco failed to pay the required rates from February 28, 2010 through April 18, 2010.

32. Ulery had an obligation to enforce the terms of the Group Health Plan for the benefit of the participants, including payment of required premiums.

33. Ulery was responsible for collecting the employer contributions and remitting those monies along with the employee contributions to BCBS of NC. Ulery failed to collect and remit the employer contributions.

## CLAIMS

34. By the actions described in the paragraphs above, Defendants, as fiduciaries of the 401(k) Plan and the Group Health Plan,

(a) failed to discharge their duties with respect to the 401(k) Plan and the Group Health Plan solely in the interest of the participants and beneficiaries and for the exclusive purpose of providing benefits to participants and their beneficiaries and defraying

6

reasonable expenses of administering the 40(k) Plan and the Group Health Plan, in violation of ERISA § 404(a)(1)(A), 29 U.S.C. § 1104(a)(1)(A) and ;

(b)      failed to discharge their duties with respect to the 401(k) Plan and the Group Health Plan solely in the interest of the participants and beneficiaries and with the care, skill, prudence, and diligence under the circumstances then prevailing that a prudent person acting in a like capacity and familiar with such matters would use in the conduct of an enterprise of a like character and with like aims, in violation of ERISA § 404(a)(1)(B), 29 U.S.C. § 1104(a)(1)(B);

(c)      failed to discharge their duties in accordance with the documents and instruments governing the plans, in violation of § 404(a)(1)(D), 29 U.S.C. § 1104(a)(1)(D);

(d)      dealt with assets of the 401(k) Plan and the Group Health Plan in their own interest or for their own account, in violation of ERISA § 406(b)(1), 29 U.S.C. § 1106(b)(1);

(e)      acted in the transactions described involving the Plan on behalf of a party whose interests were adverse to the interests of the plan or the interests of its participants and beneficiaries in violation of § 406(b)(2) of ERISA, 29 U.S.C. § 1106(b)(2); and

(f)      failed to retain records for both plans in violation of ERISA section 107.

35.      Defendants are each liable for the breaches of the other, pursuant to § 405(a) of ERISA, 29 U.S.C. § 1105(a), in that they either (1) participated knowingly in an act of the other fiduciary, knowing such act was a breach, in violation of § 405(a)(1) or ERISA, 29 U.S.C. § 1105(a)(1); (2) failed to monitor or supervise the other fiduciary and thereby enabled the breach, in violation of § 405(a)(2) of ERISA, 29 U.S.C. § 1105(a)(2); or (3) had knowledge of a

7

breach by the other fiduciary and failed to make reasonable efforts under the circumstances to remedy the breach, in violation of § 405(a)(3) of ERISA, 29 U.S.C. § 1105(a)(3).

WHEREFORE, pursuant to § 502(a)(2) and (5) of ERISA, 29 U.S.C. § 1132(a)(2) and (5), Plaintiff prays that the Court:

A. Order Defendants to restore to the 401(k) Plan and the Group Health Plan all losses, including interest or lost opportunity costs, which occurred as a result of their breaches of fiduciary obligations;

B. Order that the 401(k) Plan and the Group Health Plan set off the individual accounts of any Defendant against the amount of losses, including lost opportunity costs, resulting from their fiduciary breaches, as authorized by § 1502(a) of the Taxpayer Relief Act of 1997, Pub. L. No. 105-34, § 1502(a), 111 Stat. 788, 1058-59 (1997) (codified at 29 U.S.C. § 1056(d)(4)), if the losses are not otherwise restored to the 401(k) Plan and the Group Health Plan by the Defendants and reallocated to the non-breaching participants;

C. Appoint a successor fiduciary or administrator, at Defendants' expense;

D. Permanently enjoin Defendants from serving as fiduciary, administrator, officer, trustee, custodian, agent, employee, representative, or having control over the assets of any employee benefit plan subject to ERISA;

E. Enjoin Defendants from engaging in any further action in violation of Title I of ERISA;

F. Award Plaintiff the costs of this action; and

G. Provide such other relief as may be just and equitable.

8

Respectfully submitted,

ADDRESS:

Office of the Solicitor
U. S. Department of Labor
61 Forsyth Street, S.W.
Room 7T10
Atlanta, GA  30303

Telephone:
(404) 302-5449
(404) 302-5438 (FAX)
E-mail:
yanthis-bailey.yasmin@dol.gov
ATL.FEDCOURT@dol.gov (Primary)


SOL Case Nos. 13-00775 and 13-00774

M. PATRICIA SMITH
Solicitor of Labor

STANLEY E. KEEN
Regional Solicitor

ROBERT M. LEWIS, JR.
Counsel

By: */s/ Yasmin K. Yanthis-Bailey*
    YASMIN K. YANTHIS-BAILEY
    Attorney
    Georgia Bar No. 780202


Office of the Solicitor
U. S. Department of Labor
Attorneys for Plaintiff